**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CINDY HARRIS,<br><br>Plaintiff,<br><br>- v -<br><br>UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES and JOHN FARAONE,<br><br>Defendants. | Civil Action No.: 22-cv-4441<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff Cindy Harris ("Harris"), by and through her undersigned attorney, brings this Complaint against Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied Universal") and John Faraone ("Faraone"), and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for gender discrimination, failure to accommodate a disability, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.

## JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2.      The Court has original jurisdiction over Harris' federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3.      The Court has supplemental jurisdiction over Harris' state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

5.      On or about October 15, 2021, Harris submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission. On May 3, 2022, Harris requested that the Commission issue her a Notice of Right to Sue. Harris reiterated her request to the Commission on three other occasions throughout May 2022, but the Commission has to date failed to issue the Notice of Right to Sue.

6.      Within 10 days of the commencement of this action, Harris will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to the New York City Administrative Code § 8-502(c).

## PARTIES

7.      Plaintiff Harris is a resident of the State of New York and former security professional of Allied Universal.

8.      At all relevant times, Harris was an "employee" of Defendants under all relevant statutes.

9.      Allied Universal was and is a foreign limited liability company registered in New York and permitted to do business in New York.

10.     Allied Universal's corporate headquarters is located at 161 Washington Street, Suite 600, Conshohocken, PA 19428.

11.     Allied Universal provides security services at sites throughout the New York area.

12.     Allied Universal employed Harris at 11 Wall Street, New York, NY 10005 along with more than 14 other employees.

13.     Defendant Faraone was at all relevant times employed by Allied Universal as its Site Supervisor and Harris' supervisor.

14.     Faraone had the ability to affect the terms and conditions of Harris' employment by, among other things, assigning her work, overseeing her work, evaluating her performance, and providing performance reviews.

15.     Upon information and belief, Faraone resides in New York.

16.     At all relevant times, Defendants were Harris' "employer" under all relevant statutes.

## FACTUAL BACKGROUND

### I.     Allied Universal Hires Harris

17.     On or about July 15, 2021, Harris began working for Allied Universal as a security professional.

18.     Harris had completed each of the approximately twenty-two courses Allied Universal required before she started in her position in categories such as "Patrol and Observation" and "Liability and Loss Prevention."

19.     Allied Universal assigned Harris to work at 11 Wall Street, New York, NY 10005 for the entirety of her employment.

20.     Harris succeeded in her role and received positive feedback based on her performance.

### II.     Faraone Offers a Positive Performance Review in Exchange for Sex

21.     On July 27, 2021, Harris asked Faraone if he planned to give her a positive performance review based on her work so far at Allied Universal.

22.     Faraone responded that he would give Harris a positive performance review if she

gave him "pussy."

23.     Harris was shocked and told Faraone that she would never have sex with him or anyone else for a job.

24.     Faraone responded that he was a drummer in a band and could get "pussy" whenever he wanted.

### III.     Faraone Retaliates Against Harris

25.     Shortly after Harris rejected Faraone's request for sex, he began retaliating against her.

26.     Faraone sent Harris to lunch at 9 am on many different days, preventing her from working her normal shifts.

27.     Harris started receiving fewer desirable shifts and fewer shifts overall.

28.     On information and belief, Faraone instructed other Allied Universal employees to make Harris' job more difficult by, among other things, making her stand outside for hours.

29.     The protocol for Harris' position was to regularly alternate between sitting inside and standing outside, with the portions standing outside lasting no longer than 30 minutes.

30.     As a result of being forced to stand outside for multiple hours at a time, Harris' feet swelled.

31.     Harris' swollen feet affected her for weeks and required her to see a doctor for treatment.

32.     Another of Harris' supervisors, Carlos Ferrer, told her that she was no longer welcome at the job and that they would continue to force her to stand outside until she quit.

### IV.     Harris Reports Faraone and Allied Universal Terminates Her Employment

33.     On or about September 6, 2021, Harris reported to Allied Universal's Account

Manager Steven Ramunno ("Ramunno") that Faraone had offered to give her a good review in exchange for sex and that she was being retaliated against as a result of her refusal.

34.     Harris provided Ramunno with an audio recording of a former Allied Universal employee, in which the employee stated that Faraone had offered to give Harris a good review in exchange for sex.

35.     Ramunno responded that "This conversation is ended I told you I'm at a family function this should've been reported to me the day this happened do not report for work tomorrow I will be opening up in investigation into this first thing in the morning and I will give you a phone call to get your side of the story."

36.     The following day, Ramunno again instructed Harris not to report for the following day and again promised that he would "be opening up an investigation into your allegations …"

37.     Allied Universal did not compensate Harris for the days she was prohibited from coming into work.

38.     Harris informed Ramunno that she was traumatized as a result of the sexual harassment, was undergoing therapy, and would need time off work for recovery.

39.     The mental trauma Harris endured as a result of Faraone's sexual harassment limited her ability to sleep, concentrate, and think.

40.     On September 14, 2021, Harris told Ramunno that her therapist advised her that she was not yet able to return to work due to the trauma she underwent.

41.     On September 17, 2021, Harris told Ramunno that she would inform him when she was able to return to work.

42.     On October 21, 2021, Ramunno text messaged Harris that "you have not

contacted me about resuming work in some time I will be removing you from the active roster and wish you well."

43.     Ramunno did not inquire as to Harris' condition or ability to return work before removing her from Allied Universal's roster of employees.

## FIRST CAUSE OF ACTION
### (Gender Discrimination in Violation of Title VII)
### *Against Defendant Allied Universal*

44.     Harris repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

45.     By the actions described above, among others, Defendant Allied Universal discriminated against Harris by, *inter alia*, subjecting her to: (i) sexual harassment and quid pro quo sexual harassment; and (ii) disparate treatment because she refused to succumb to Faraone's sexual advances.

46.     Allied Universal violated Title VII by subjecting Harris to this behavior based, in whole or in part, upon her gender (female).

47.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendant Allied Universal in violation of Title VII, Harris has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

48.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendant Allied Universal in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

49.     Defendant Allied Universal's conduct has been intentional, deliberate, willful,

malicious, reckless, and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

### SECOND CAUSE OF ACTION
**(Hostile Work Environment in Violation of Title VII)**
***Against Defendant Allied Universal***

50.     Harris repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

51.     Faraone's actions and comments against Harris taken cumulatively were sufficiently severe and/or pervasive that a reasonable person would consider the work environment intimidating, hostile, and/or abusive.

52.     Allied Universal was aware and on notice of Faraone's actions and comments against Harris by virtue of, among other things, her complaints to Account Manager Steven Ramunno.

53.     Allied Universal took no action to remedy the hostile work environment despite Harris' complaints.

54.     Allied Universal thereby discriminated against Harris on the basis of her gender (female) in violation of Title VII by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment that has included, among other things, pervasive discrimination committed against Plaintiff based on her gender.

55.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendant Allied Universal in violation of Title VII, Harris has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

56.     Allied Universal's conduct has been intentional, deliberate, willful, malicious,

reckless and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

### THIRD CAUSE OF ACTION
#### (Retaliation in Violation of Title VII)
*Against Defendant Allied Universal*

57.     Harris repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

58.     As set forth in detail above, Defendant Allied Universal discriminated against Harris based upon her gender (female) by, *inter alia*, subjecting her to: (i) sexual harassment and quid pro quo sexual harassment; and (ii) disparate treatment because she refused to succumb to Faraone's sexual advances.

59.     Allied Universal was aware that Harris opposed unlawful conduct and/or asserted her rights under Title VII, including but not limited to, her reports of sexual harassment and request for a transfer to another work location.

60.     Allied Universal, unlawfully and without cause, retaliated against Harris as a direct result of Harris asserting her rights under Title VII, and Harris suffered materially adverse employment actions, including unpaid leave and the termination of her employment, as a result.

61.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendant Allied Universal in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

62.     Allied Universal's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

63.     Accordingly, Allied Universal retaliated against Harris in violation of her statutory rights as guaranteed by Title VII.

### FOURTH CAUSE OF ACTION
**(Gender Discrimination in Violation of the NYSHRL)**
***Against Both Defendants***

64.     Harris repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

65.     The aforementioned facts and circumstances demonstrate that Defendants discriminated against Harris by, *inter alia*, subjecting her to: (i) sexual harassment and quid pro quo sexual harassment; and (ii) disparate treatment because she refused to succumb to Faraone's sexual advances.

66.     Allied Universal violated the NYSHRL by subjecting Harris to this behavior based, in whole or in part, upon her gender (female).

67.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants in violation of the NYSHRL, Harris has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

68.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

69.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

**FIFTH CAUSE OF ACTION**
**(Hostile Work Environment in Violation of the NYSHRL)**
*Against Both Defendants*

70.     Harris repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

71.     Faraone's actions and comments against Harris taken cumulatively subjected Harris to inferior terms, conditions or privileges of employment because of her gender (female).

72.     Allied Universal was aware and on notice of Faraone's actions and comments against Harris by virtue of her complaints to Allied Universal.

73.     Allied Universal took no action to remedy the hostile work environment despite Harris' complaints.

74.     Allied Universal thereby discriminated against Harris on the basis of her gender (female) in violation of the NYSHRL by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment that has included, among other things, pervasive discrimination committed against Plaintiff based on her gender.

75.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

76.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYSHRL)**
*Against Both Defendants*

77.     Harris repeats and re-alleges each allegation of the preceding paragraphs as if

fully set forth herein.

78.    As set forth in detail above, Defendants were aware that Harris opposed unlawful conduct and/or asserted her rights under the NYSHRL, including but not limited to, her reports of sexual harassment.

79.    Defendants, unlawfully and without cause, retaliated against Harris as a direct result of Harris asserting her rights under the NYSHRL, and Harris suffered materially adverse employment actions, including unpaid leave and the termination of her employment, as a result.

80.    As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

81.    Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

82.    Accordingly, Defendants retaliated against Harris in violation of her statutory rights as guaranteed by the NYSHRL.

### SEVENTH CAUSE OF ACTION
#### (Gender Discrimination in Violation of the NYCHRL)
#### *Against Both Defendants*

83.    Harris repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

84.    By the actions described above, among others, Defendants discriminated against Harris by, *inter alia*, subjecting her to: (i) sexual harassment and quid pro quo sexual harassment; and (ii) disparate treatment because she refused to succumb to Faraone's sexual advances.

85.     Defendants violated the NYCHRL by subjecting Harris to this behavior based, in whole or in part, upon her gender (female).

86.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants in violation of the NYCHRL, Harris has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

87.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

88.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

89.     Accordingly, Defendants discriminated against Harris because of her gender, in violation of her statutory rights as guaranteed by the NYCHRL.

**EIGHTH CAUSE OF ACTION**
**(Hostile Work Environment in Violation of the NYCHRL)**
***Against Both Defendants***

90.     Harris repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

91.     Faraone's actions and comments against Harris taken cumulatively demonstrate that Harris was treated less well than other employees on the basis of her gender (female).

92.     Allied Universal was aware and on notice of Faraone's actions and comments against Harris by virtue of, among other things, her complaints to Account Manager Steven Ramunno.

93.     Allied Universal took no action to remedy the hostile work environment despite Harris' complaints.

94.     Allied Universal thereby discriminated against Harris on the basis of her gender (female) in violation of the NYCHRL by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment that has included, among other things, pervasive discrimination committed against Plaintiff based on her gender.

95.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

96.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

### NINTH CAUSE OF ACTION
**(Retaliation in Violation of the NYCHRL)**
***Against Both Defendants***

97.     Harris repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

98.     As set forth in detail above, Defendants discriminated against Harris based upon her gender (female) by, *inter alia*, subjecting her to: (i) sexual harassment and quid pro quo sexual harassment; and (ii) disparate treatment because she refused to succumb to Faraone's sexual advances.

99.     Allied Universal was aware that Harris opposed unlawful conduct and/or asserted her rights under the NYCHRL, including but not limited to, her reports of sexual harassment and request for a transfer to another work location.

100.     Defendants, unlawfully and without cause, retaliated against Harris as a direct result of Harris asserting her rights under the NYCHRL, and Harris suffered materially adverse employment actions, including unpaid leave and the termination of her employment, as a result.

101.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

102.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

103.     Accordingly, Defendants retaliated against Harris in violation of her statutory rights as guaranteed by the NYCHRL.

**TENTH CAUSE OF ACTION**
**(Aiding and Abetting in Violation the NYSHRL and NYCHRL)**
***Against Defendant Faraone***

104.     Harris repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

105.     New York Executive Law Section 296(6) makes it "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so."

106.     New York City Administrative Code Section 8-107(6) makes it "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so."

107.     Defendant Faraone aided, abetted, incited, compelled, or coerced Defendants' unlawful conduct, including gender discrimination, hostile work environment, and retaliation,

against Harris by his conduct and action, in violation of the NYSHRL and NYCHRL.

108.    Faraone was aware of his role as part of the unlawful activity, and knowingly and substantially assisted Defendant Allied Universal in its violations of the NYSHRL and NYCHRL.

109.    As a direct and proximate result of Faraone's conduct, Harris has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, severe mental anguish, and emotional distress.

110.    Faraone's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

<u>**ELEVENTH CAUSE OF ACTION**</u>
**(Disability Discrimination and Failure to Accommodate in Violation of the ADA/NYSHRL/NYCHRL)**

111.    Harris repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

112.    Following her sexual harassment at the hands of Faraone, Harris informed Allied Universal that her therapist advised her that she suffered mental trauma and was not yet able to return to work.

113.    Allied Universal agreed to temporarily remove Harris from its work schedule while she underwent therapy.

114.    Approximately one month later, instead of engaging in any interactive discussion or process to determine if there was an accommodation that would assist Harris to return to the workplace, Allied Universal terminated Harris' employment while she remained on medical leave.

115.    Had Allied Universal provided Harris with a reasonable accommodation, Harris

could have returned to the workplace and performed the essential functions of her job.

116.    Accordingly, Allied Universal discriminated against Harris by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of the ADA, NYSHRL, and NYCHRL.

117.    As a direct and proximate result of Allied Universal's unlawful employment practices, Harris has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, severe mental anguish, and emotional distress.

118.    Allied Universal's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Harris, entitling her to punitive damages.

## **RELIEF**

Plaintiff Cindy Harris demands judgment in her favor and against Allied Universal and Faraone as follows:

A.    A declaratory judgment that the actions of Defendants complained of herein violate Title VII, the ADA, New York State Human Rights Law, and New York City Human Rights Law;

B.    An injunction and order permanently restraining Defendants from engaging in any further unlawful conduct;

C.    An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Harris for all monetary and/or economic damages, including but not limited to past and future lost earnings;

D.    An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Harris for all non-monetary and/or

compensatory damages, including, but not limited to, compensation for her

emotional distress;

E.       An award of punitive damages, in an amount to be determined at trial;

F.       Prejudgment interest on all amounts due;

G.       An award of Harris' reasonable attorneys' fees and costs to the fullest extent

permitted by law; and

H.       Such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Cindy Harris demands a trial by jury on all issues so triable of right.


Dated: May 30, 2022                          Respectfully submitted,



                                             /s/ Alex Rissmiller
                                             Alex Rissmiller
                                             5 Pennsylvania Plaza, 19th Floor
                                             New York, NY 10001
                                             T: (646) 664-1412
                                             arissmiller@rissmiller.com

                                             *Counsel for Plaintiff Cindy Harris*